IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACKIE McGEE,

                         Plaintiff,

   v.                                                      OPINION and ORDER

WAUPUN HEALTH SERVICES MANAGER,           23-cv-689-jdp

                         Defendant.

---

I allowed plaintiff Jackie McGee to proceed on a claim that the health services manager at Waupun Correctional Institution refused to take reasonable steps to treat McGee's arthritis pain, in violation of the Eighth Amendment and Wisconsin's common law of negligence. But I dismissed McGee's other claims for failure to state a claim upon which relief may be granted. *See* Dkt. 16.

McGee has now filed a document that he calls "Additional Information Supporting Dismissed Claim." Dkt. 17. He also filed a declaration that includes much of the same information. Dkt. 18. I construe these documents as a motion for leave to file a supplement to the complaint, along with a proposed supplement.

In his supplement, McGee includes the following proposed claims:

1. Since 2016, McGee has been placed on medical restrictions. These include a cane, a wheelchair for long distances, a low bunk, and housing in a low tier. McGee needs these restrictions because he has severe arthritis in his hips, knees, and feet, and he walks with a limp. He has great pain when he walks or climbs. When McGee was transferred to Waupun Correctional Institution in July 2023, the "provider" at Waupun discontinued all of his restrictions without examining McGee.

2. Also since 2016, McGee has been prescribed hydrocodone for his arthritis. The provider at Waupun discontinued the medication, telling McGee that she "has a long list of medications, and we will go through them all, but I will not prescribe hydrocodone."

For the reasons explained below, I will allow McGee to proceed on the first claim against the unnamed medical provider under both the Eighth Amendment and a negligence theory, but I will dismiss the second claim for failure to state a claim upon which relief may be granted.

ANALYSIS

As explained in the screening order, an Eighth Amendment claim has three elements: (1) the prisoner needed medical treatment; (2) the defendant knew that the prisoner needed treatment; and (3) despite the awareness of the need, the defendant consciously failed to take reasonable measures to provide the necessary treatment. Dkt. 16, at 2–3. Under a medical negligence theory, the plaintiff must show that a reasonable person in the defendant's circumstances would have provided different treatment, and the plaintiff was harmed by the defendant's conduct. *Id.* at 3.

McGee has stated a claim under both an Eighth Amendment and negligence theory on his first claim that the medical provider discontinued his medical restrictions without evaluating him. It is reasonable to infer that McGee needed the restrictions based on his allegations that he had been under the restrictions for seven years and his pain is worse without the restrictions. It is also reasonable to infer at this stage that the provider had reviewed McGee's medical history, so she knew that McGee needed the restrictions. And it is reasonable to infer that the provider knew she was acting unreasonably by discontinuing the restrictions because she did not evaluate McGee before making the determination. A medical provider must use medical judgment based on the prisoner's individual circumstances. *See Roe v. Elyea*, 631 F.3d 843, 862–63 (7th Cir. 2011).

2

As with the health services manager, McGee says that he does not know the name of the medical provider. As explained in the original screening order, a magistrate judge will hold a preliminary pretrial conference during which the parties and the judge will discuss the most efficient way to identify the unnamed defendants.

McGee has not stated a claim on his second allegation that the medical provider decided to prescribe pain medications other than hydrocodone. As I explained to McGee in the screening order, he does not have the right to the pain medication of his choice, especially when he is seeking a narcotic. *See Williams v. Ortiz*, 937 F.3d 936, 944 (7th Cir. 2019); *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019). McGee says that he never abused hydrocodone during the seven years he was taking it, but that does not give him the right to take it indefinitely. McGee admits that the provider prescribed other medications, and she was willing to try "a long list of medications" to find an adequate substitute. That is all the law requires. McGee alleges that the other medications have not been effective, and in fact have caused him side effects, such as shortness of breath and chest pain. But McGee does not allege that he ever informed the provider about that. Rather, he complained to the health services unit, and he is already proceeding on a claim that the health services manager disregarded his complaints. The provider cannot be blamed for failing to prescribe a different medication when she did not know about the problem. So I will not allow McGee to proceed on a claim against the provider related to pain medication.

ORDER

IT IS ORDERED that:

1. Plaintiff Jackie McGee's "Additional Information Supporting Dismissed Claim," Dkt. 17, is construed as motion for leave to supplement the complaint, and the motion is GRANTED.

2. McGee's "Declaration in Support of Claims Dismissed," Dkt. 18, is construed as a supplement to the complaint.

3. McGee is now proceeding on the following claims:

   a. An unnamed medical provider at Waupun Correctional Institution discontinued McGee's medical restrictions in July 2023 without using medical judgment, in violation of the Eighth Amendment and Wisconsin's common law of negligence.

   b. The health services manager at Waupun Correctional Institution refused to take reasonable steps to treat McGee's arthritis pain, in violation of the Eighth Amendment and Wisconsin's common law of negligence.

4. McGee's claim that the unnamed medical provider changed McGee's medication is DISMISSED for failure to state a claim upon which relief may be granted.

Entered April 29, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge