IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACKIE McGEE,

                Plaintiff,

v.                                                        OPINION and ORDER

JILL WENZEL, TONYA WESNER, and UNNAMED           23-cv-689-jdp
MEDICAL PROVIDER,

                Defendants.

---

      Plaintiff Jackie McGee, proceeding without counsel, contends that medical staff at Waupun Correctional Institution are failing to treat and accommodate his arthritis, in violation of the Eighth Amendment and Wisconsin common law. He moves for reconsideration of the order denying his motion for a preliminary injunction regarding his pain medication. Dkt. 35.

      McGee raises three issues in his motion. First, he says that his doctor, Sara English, is violating his rights by prescribing him meloxicam because he was prescribed that medication in 2012 or 2014, and it was not effective for him then. As an initial matter, I informed McGee in the order denying his preliminary injunction that he has not sued English, so I cannot award any relief against her. Dkt. 28, at 3–4.[1] But even if English were a defendant, McGee cites no evidence or legal authority supporting a view that it violates the standard of care for a doctor to prescribe a medication that the patient had tried unsuccessfully 10 or more years earlier. As I noted in the order denying the motion for a preliminary injunction, English identified several

---

[1] McGee also alleges generally in his motion that someone named "Nelson" is not providing him with adequate care for his arthritis. Like English, Nelson is not a named defendant, and McGee does not say that the Nelson is the unnamed medical provider in the caption. If McGee believes that English or Nelson is failing to treat his arthritis, he must file an amended complaint that names them as defendants and explains how they violated his rights.

reasons why she would not prescribe hydrocodone as McGee wanted, and why she thought meloxicam was worth a try. Dkt. 28, at 4–5. She also said that she would follow up with McGee in two to three months. *Id.* In the absence of evidence that a reasonable doctor would not take that approach, I could not order English to take a different course of action.

Second, McGee says that he is not being provided accommodations for his arthritis. McGee is proceeding on a claim about accommodations for his arthritis, but he did not include that claim in his motion for a preliminary injunction. Rather, he focused solely on his pain medication. So that is not a ground for reconsideration. McGee is free to raise the issue about his accommodations in his summary judgment materials.

Third, McGee complains about a new cyst that has developed on his buttocks. McGee did not raise that issue in his complaint or his motion for a preliminary injunction, so it is outside the scope of this case. If McGee believes he is not receiving adequate treatment for the cyst, he is free to file a new lawsuit, after exhausting his administrative remedies.

ORDER

IT IS ORDERED that Jackie McGee's motion for reconsideration, Dkt. 35, is DENIED.

Entered August 30, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

2