IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACKIE McGEE,

                        Plaintiff,

  v.                                                    OPINION and ORDER

JILL WENZEL and TONYA WESNER,                    23-cv-689-jdp

                        Defendants.

---

Plaintiff Jackie McGee, proceeding without counsel, alleges that prison staff at Waupun Correctional Institution are failing to treat and accommodate his arthritis. Defendants move for summary judgment on the ground that McGee did not exhaust his administrative remedies. For the reasons below, I will grant the motion on one set of claims. I will reserve a ruling on the remaining claims. McGee says that he could not exhaust those claims because he did not receive a response to his grievance, and he has submitted multiple types of evidence to support that allegation. I will give defendants an opportunity to inform the court whether they wish to challenge McGee's evidence at a hearing under *Pavey v. Conley*, 528 F.3d 494 (7th Cir. 2008).

ANALYSIS

McGee is proceeding on three sets of claims under the Eighth Amendment and Wisconsin's common law of negligence:

(1) Tonya Wesner, a doctor at the prison, discontinued McGee's hydrocodone without first tapering the dose;

(2) Jill Wenzel, the health services manager, denied McGee medical attention for his arthritis pain after his hydrocodone prescription was discontinued; and

(3) Wesner discontinued McGee's medical restrictions related to his arthritis without using medical judgment.

Defendants contend that all of these claims must be dismissed because McGee did not properly exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a) (for his federal claims) and Wis. Stat. § 801.02(7)(b) (for his state-law claims). Under § 1997e(a), a person confined in a prison or jail may not bring a federal claim about his conditions of confinement "until such administrative remedies as are available are exhausted." If a prisoner fails to comply with § 1997e(a), the court must dismiss any unexhausted claims without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). But a prisoner's failure to exhaust is an affirmative defense that the defendants must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). Section 801.02(7)(b) is worded similarly to § 1997e(a), and both sides assume that the state and federal statutes are construed the same way, so I will do the same. *See Sodemann v. Melnick,* No. 22-cv-374-wmc, 2024 WL 2110140, at *2 (W.D. Wis. May 10, 2024) ("Because Wisconsin's law is based on the federal PLRA, a court may take guidance from federal PLRA case law.").

The parties focus on two grievances that McGee filed, one on July 24, 2023, and the other on November 9, 2023. I will consider each one separately.

**A. July 2023 grievance**

The copy of the July 2023 grievance that defendants submitted is mostly unreadable because of the poor quality of the copy. Dkt. 44-3, at 2. McGee did not submit a copy of the grievance. Defendants summarize the complaint as being about "pain complaints related to not having hydrocodone." Dkt. 43, at 3. McGee does not dispute that, and the summary is consistent with an administrative appeal that McGee filed in August 2023. Dkt. 44-4, at 2–4.

2

In any event, the parties assume that the grievance is broad enough to encompass McGee's claims about Wesner discontinuing his hydrocodone prescription and Wenzel denying him medical attention afterwards. Defendants have forfeited any contrary argument by failing to raise it.

The parties' dispute is not over the scope of the July 2023 grievance but on whether McGee failed to exhaust his administrative remedies because he did not complete all the necessary steps in the grievance process. Defendants say that the grievance examiner returned the grievance "because McGee failed to first try to resolve the issue." Dkt. 43, at 3. They cite a letter in which the examiner directed McGee to "send this return letter to AHSM Haseleu along with [a form] explaining the issue you want to resolve." Dkt. 44-3, at 1. The examiner cited Wis. Admin. Code § 310.07(1), which states: "Prior to filing a formal complaint, an inmate shall attempt to resolve the issue by following the designated process specific to the subject of the complaint."

Defendants do not contend that McGee should have known the "designated process" he was supposed to follow before filing his grievance, and they do not seek dismissal on that ground, so they have forfeited that issue. But they say that McGee should have followed the instructions that the examiner gave him, and he failed to do that, so the claims based on the July 2023 grievance must be dismissed for failing to follow the prison's rules. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

McGee admits that he did not comply with the instructions in the examiner's letter, and he does not dispute that he was required under § 310.07(1) to follow an examiner's instructions. But he swears under oath that he could not follow the instructions because he did not receive the examiner's letter. Dkt. 50-1. He says that there were other prisoners on his unit

3

that had his last name and that he has received their mail on occasion, so it is possible that the letter went to one of the other prisoners.

"An administrative scheme can be 'unavailable' to a prisoner when a prison fails to respond to a prisoner's grievance and, in so doing, prevents that prisoner from exhausting administrative remedies." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020). So if McGee did not receive the examiner's letter, I cannot dismiss the claims for failure to exhaust.

In their reply brief, defendants say that "the parties dispute whether McGee received the return letter informing him of the steps he needed to follow in order to fix and resubmit." Dkt. 52, at 4. Defendants do not explain the basis for their dispute, but presumably they mean to argue that is reasonable to infer from the fact that staff sent the letter that McGee received it. *See Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 476–77 (7th Cir. 2009). When there is a factual dispute about whether a prisoner complied with the grievance process, the general rule is that the court must hold a hearing to resolve the dispute. *See Pavey v. Conley*, 528 F.3d 494, 496–98 (7th Cir. 2008). Defendants ignore that rule, arguing that the court should dismiss the case because McGee "should have asked about the status of his complaint" if he did not receive a response. Dkt. 52, at 4.

Defendants do not identify *who* McGee should have asked about the status of his complaint. More to the point, defendants identify no rule that required McGee to ask about the status of his complaint or otherwise gave him instructions about what to do if he did not receive a response. "Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about." *King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015). So any failure to follow up by McGee is not a basis for finding that he did not exhaust his administrative remedies.

4

In any event, McGee *did* follow up. In August 2023, McGee filed an administrative appeal in which he stated that he filed a grievance the previous month and had not received a response. Dkt. 44-4, at 4. In response to the appeal, the examiner neither acknowledged McGee's statement that he was still waiting for a response to his grievance nor gave him instructions on what to do. Instead, the examiner simply returned the appeal to McGee with a boilerplate response that "the appeal does not list the complaint file number or contains more than one complaint file number." Dkt. 44-4, at 1.

Prison regulations direct the examiner to return an appeal that does not include a complaint number, Wis. Admin. Code § DOC 310.12(4)(d), so the appeal itself does not show that McGee exhausted his administrative remedies. But the appeal was a good-faith attempt by McGee to address the problem he was facing in the absence of any guidance from the regulations about what he was supposed to do. The appeal is also strong evidence that McGee did not receive the letter from the examiner directing him to contact "AHSM Haseleu."

The question whether McGee exhausted his administrative remedies based on his July 2023 grievance comes down to whether he received a response to his initial grievance. If he did receive a response, then he did not follow the instructions provided by the examiner, so he did not exhaust his administrative remedies. But if he did not receive a response, he could not follow instructions that he was unaware of, so an administrative remedy was not available to him, and he was not required to go further.

At this point, the evidence seems to favor McGee that he did not receive the letter. Defendants do not say in either of their briefs whether they seek a *Pavey* hearing to challenge McGee's evidence, so I will give them an opportunity to request a hearing before ruling on this aspect of their summary judgment motion.

5

## B. November 2023 grievance

In a grievance dated November 9, 2023, McGee complained that he was no longer being allowed to use a wheelchair for long distances. Dkt. 44-2, at 6.[1] For reasons defendants do not explain, the examiner initially returned the grievance under Wis. Admin. Code § DOC 310.07(6) because the grievance did not include enough information. Dkt. 44-6, at 1. But five days later, the examiner accepted the grievance and then referred it to the health services nursing coordinator for review on the merits. Dkt. 44-2, at 1–2.[2] McGee does not contend that he was confused or prejudiced by the initial decision to return his grievance, and he does not contend that the decision should affect the outcome of defendants' motion, so I will not consider that issue.

After the examiner referred the grievance, the "reviewing authority" (presumably the health services nursing coordinator) dismissed the grievances on the merits because McGee had "no order written for wheelchair due to urgent need." Dkt. 44-2, at 3. At that point, McGee was required to appeal the reviewing authority's decision to the corrections complaint examiner. Wis. Admin. Code § DOC 310.12.

---

[1] McGee filed another grievance that mentioned his wheelchair restriction in November 2023. Dkt. 44-5, at 2–4. The examiner returned the grievance to McGee without considering the merits because it included multiple issues, which is prohibited by § DOC 310.07(5). *See* Dkt. 44-5, at 1. McGee does not dispute that he failed to follow prison rules for that grievance, so I need not consider it.

[2] In their opening brief, defendants assume that McGee submitted two grievances dated November 9, but the grievances submitted by defendants are identical. *Compare* Dkt. 44-2, at 6 *with* Dkt. 44-6, at 2.

McGee admits that he did not file an appeal. He says that he was "drained, [w]recked, from the migraine headaches, to the severe joint pain throughout [his] body, and the constant head games played by the guards." Dkt. 50-1, at 3. He does not elaborate.

A medical issue can provide good cause for not following the grievance process. *See Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011). But the plaintiff must show that he was "physically unable to pursue" administrative remedies. *Wilborn v. Ealey*, 881 F.3d 998, 1005–06 (7th Cir. 2018). McGee has not done that. Prison records show that he submitted multiple grievances about different issues in 2023. Dkt. 44-1, at 1. McGee does not say that his condition suddenly became worse after he filed his November 9 grievance, and he cites no evidence that he was physically unable to file an appeal.

Prison regulations required McGee to file an appeal of the reviewing authority's decision. McGee failed to do that, and he has not shown that he was unable. To comply with the exhaustion requirement, a prisoner must comply with all the prison's rules for completing the exhaustion process, and that includes filing required appeals. *See Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). So McGee did not exhaust his available administrative remedies for his November 2023 grievance, and I will dismiss McGee's claim that Wesner discontinued McGee's medical restrictions related to his arthritis.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 42, is GRANTED in part. Jackie McGee's claims that Tonya Wesner violated the Eighth Amendment and Wisconsin's common law of negligence by discontinuing McGee's medical restrictions related to his arthritis is DISMISSED without prejudice. The court reserves a ruling on the remaining claims.

2. Defendants may have until January 16, 2025, whether they wish to challenge McGee's exhaustion of the July 2023 grievance in a *Pavey* hearing. If defendants do not respond by January 16, the court will deny defendants' summary judgment motion as it relates to that grievance.

Entered January 8, 2025.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge